We'll hear argument this morning in Case 15-9260, Dean v. United States. Mr. Stoller. Mr. Chief Justice, and may it please the Court, the question confronting this Court is whether a judge can exercise discretion at sentencing in light of congressional directives in Section 924C that a 30-year mandatory minimum must be imposed as part of the total sentence. Throughout the Sentencing Reform Act and the myriad of factors set forth for a judge to consider in arriving at an aggregate sentence that meets the overarching goals of being sufficient but not greater than necessary. And we submit that there is nothing in the language of Section 924C that prevents a judge from reducing the portion of the sentence for crimes of violence. We don't doubt that if the mandatory minimums were out of the picture and all we had was the underlying offense here, that this sentence would be reversed on appeal, do you? I would submit, yes, that that would be accurate. But in reducing the ---- Ginsburg But you said nothing in 924C, but there is a bar on concurrent sentencing. And reading the statute the way you do would shrink the concurrency to the vanishing point if it had added only one day to the 924C sentence. Well, the concurrent provision requires that it does not ---- it runs in addition to the predicate offense. But the concurrent language in there is the same language that we would find, for example, in Section 1028A of the statutes, which has that same language, but it goes farther. When you look at the language in 1028A, it follows the same road map that 924C has. But it's 20 years later, right? It's 20 years later, but 924C has been recalibrated over time, starting in 1968. And even after 1028A came into existence, in two separate times, Congress has changed provisions in 10 ---- excuse me, in 924C to change types of guns, things of that nature. Kagan Well, just assume that 1028 for a moment didn't exist, and say you had to argue from this language, and this essentially repeats Justice Ginsburg's point, but this language says it shall run consecutively, it shall not run concurrently. And your version of this statute essentially allows a district court to negate that language. It's as if that language were not there in terms of what the district court can do. Well, we submit that the district court has to give some sentence for the underlying crimes of violence, and then those sentences ---- Kagan Well, some sentence, you know, a day, six hours, whatever it is, but can essentially make that disappear. I mean, you know, it's concurrent plus a day. I mean, that couldn't have been what Congress meant, concurrent plus a day, when it said it shall only be consecutive. Well, Congress, we assume, knows how to write the laws that they write, and they have the ability to strictly limit, and they have in 924C, to some extent, as far as it having to be an addition. Kagan Well, you're right that Congress did not say you ---- it did not say what it said, in fact, in 1028A. But, you know, sometimes, sometimes the way we try to understand statutes is to say any reading that utterly eviscerates something that Congress clearly did say can't be a good reading. Well, we would submit that the ---- in addition to language, is making sure that a separate crime is being separately punished, that being the 924C crimes that carry the mandatory minimums, in this case, of 30 years. But the language that says consecutive also is meant to say that it can't be a good reading, that it can't run with those underlying predicate offenses. Sotomayor Counsel, during the time the guidelines were mandatory, but afterwards, many, many court of appeals basically told district courts, you can't impose a sentence simply because you disagree with the guideline. You can impose it for independent reasons to ensure a just result, but you can't impose it because you don't like the guideline. And they monitored that pretty well. That's basically what this district court didn't say. It didn't like the mandatory minimum. It said instead that it thought what a fair sentence was, and that would have been one day if it could have done it, given that the rest of the sentence, 30 years, was even further beyond what the judge thought was adequate for punishment, deterrence, and all the other factors under 3553, correct? Correct. So it's not negating Congress's purpose if a district court gives one day, correct? I would say not, no. And one day is a day of punishment, isn't it? No question as to that, Your Honor, yes. Isn't that your point? Basically, it is that, and we also have to take into consideration, you have the parsimony guideline or requirement that pervades the whole Sentencing Reform Act. We find it in 3551. We find it twice in 3553a that the parsimony provisions are what's considered as to the total sentence. And when you look at the factors that are set forth within 3553a, within 3551, which talks about the circumstances of the case, in 3661, which says there's no limitation as to what can be considered by a court in determining an appropriate sentence, in light of that parsimony requirement, that ends up in the results that we have. The 924C is a statute. It has nothing to do with the guidelines. And it does say sentences have to be consecutive. So I go back to the point I opened with. You are, in effect, asking for a concurrent sentence, just adding one day. Well, it's just as Justice Kagan and I discussed, one day is an additional punishment, and one day isn't. I'm sorry. I'm sorry. The wrong end. She was helping you. I'm sorry. I was the one who wasn't. I got my ends mixed up. I'm sorry. But as was indicated, that is an additional sentence. That is an additional punishment that is provided for according to the statutory provisions. 924C limits as to it having to be a consecutive sentence, in this case 30 years, but it does not tell us to the underlying crime of violence predicate offenses for which the sentences should be decided. It seems to me that you have to concede that your position completely negates the or can completely negate the effect of 924, but that there are other reasons why Congress probably would have allowed that. And I suppose that's 3553 to take into account all of those factors. So you're saying basically that 3553 overrides 924C, but that's hard to read the statute that way. And I'm not suggesting that it should be read that way. I think that they're read together, but 924C does have restrictions that require the in addition to language and it requires it be consecutive, but there's no way there's nothing in 924C that limits what the Court can determine as to the predicate offenses as to those crimes of violence. Alito, I thought that your answer to the Chief Justice was perhaps telling because you said that you thought that were it not for 924C, this would be an unreasonable sentence under 3551, 3553. Wasn't that your answer? Yes. I mean, doesn't that show that Congress, although it generally conferred on district courts the authority under those provisions to determine what is a reasonable sentence in light of the enumerated factors, withdrew that discretion with respect to the component that is covered by 924C? So if that's what the — if that's what Congress was doing, then why shouldn't that entire sentence be ruled out in determining the sentence that is reasonable under the count that is not governed by 924C? Because we don't read 924C as being in conflict with — with 3553A. You read all the statutes together, and Congress knows — we believe they know how to — how to set constraints and set limitations, and they did so in 924C to ensure that a violent crime, such as carrying guns in commission of a predicate offense, is going to carry a long period of sentence and a severe sentence. And they wanted to ensure, if you look at the history of 924C and its evolution, its recalibration over time, it has made it — I mean, when we first started off in 924C, there could still be — there could still be a suspended sentence or parole. Sentencing Reform Act took those away, so they recalibrated 924C to reflect that. And they've done so over time, and they again had the — the ability, after 1028A came into existence, to say that you can't consider, you can't compensate for, you can't take into account that — that — in that case, an aggravated identity theft, but that mandatory minimum sentence, when you're making a determination as to that underlying crime of violence. They could have done so. They didn't. Ginsburg. What about Judge Lucero's point that Congress can do a belt and suspenders operation, and that there was — there was additional insurance in 1028. Does it mean that 924C shouldn't be read to have a real sentence for the predicate offense? We would answer that the — the Congress had the — the opportunity to do so, and they didn't do so when they amended 924C at least two times since the advent of 1028A. And it's not a redundancy issue, because there they went forward and said, this is how you — they used all the language in 924C, and they went farther, and they put that additional restriction on the sentencing court to make a determination as to the underlying predicate offense that you can't consider that mandatory minimum in doing so. Congress has that ability to do so. They know how to write the laws, and they know how to limit sentencing discretion, and they did so to the extent that they did in 924C. But you think that's a realistic — a realistic assessment of the way a legislative body works? They — so we put this in 924C, then we put stronger language in 1028, and now we're amending 924, and, well, maybe we better strengthen 924 to make it in line with 1028. Did they have any reason to think about that at the time when they amended 924? We would submit that Congress has — Sotomayor's circuit court's ruling, there's at least one, the tenth, that had ruled in your favor. That's correct. Had it done so by the time 924C was amended? Were there others? Yes. The decision in Smith came down in 2014. There was also a Sixth Circuit case, United States v. Franklin, that I believe came down in 2007, that postdated the changes in 9 — in 1028. Postdated or predated the changes in 924C? It came after the changes. Well, I'll pick up Justice Alito's question, then. Is there any indication that Congress was aware of those court of appeals decisions? Well, Congress in the past has made changes to 924C based upon what courts have done. If we look at the Busick opinion, for example, they — courts had interpreted that there was no requirement for the consecutive or additional sentence, and they went in and they changed 924C in response to what this Court had done in Busick. So I submit that the Court — that the Congress has that ability. If they do make changes to 924C in the future, obviously, that would be in — in relationship to what they feel is the appropriate punishments that must be imposed for the crimes that have been committed. How old was your defendant, do you know? He was 24 years old. His — his co-defendant brother was 23 years old, but it was treated as — So he would be 50-odd-something. He would serve — under the current sentence, he would serve more time than he's actually lived. And if we go back — This is something that may be a direct answer to, because the statutes have changed so quickly that I may have lost track. But — but the 3553B is what I'm looking at, and that talks about departures. And I take it that the sentence for robbery was a departure. The — the guideline recommendation for — and you did sentence the judge under the guidelines, correct? The judge calculated the guidelines. All right. He — we didn't depart from the guidelines. He didn't say — but he did depart from the guideline sentence, which was 48 months or 44 months. Forty months, in this case, Your Honor. Right. All right. And he went from there to one day. And 3553B says you have to — I don't know if it's still law — have to impose a guideline sentence unless the Court finds there exists here a mitigating circumstance of a kind or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guideline. So you'd look and see their guideline says 48 months, and they departed down to a day for the reason that there was this add-on sentence, the mandatory. Now, is there anything that suggests that the commission did not have that in — take that into account? In other words, is it a proper factor for departure, viewed not now from what Congress intended, not viewed from the point of view of the statutes you've been referring to, but viewed simply from the view of the commission and the Congress as to when you can depart downward? Your Honor, I would submit that this is not really a guideline analysis as to that. The judge made a determination. No.  If you want to depart downward, you can do so if you're applying the guidelines, only for a reason that the words are, to repeat them, a mitigating circumstance of a kind or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. I'm not giving you an answer. It's not a hostile question. It's not a friendly question. It's a question I'd like to know the answer to. Ginsburg. The sentencing judge did depart downward considerably because the guideline range was higher than Justice Breyer suggested. That's right. He departed downward to 40 from what was the range? It was 84 to 105 months without the enhancement that would be under the guidelines if the guns were present. So it was a significant departure. And he gave various reasons for making that departure, that variance determination. But the basic reason was he thought that the mandatory was long enough. Well, he also indicated, the judge indicated that the reasons he was considering this was the role that he had, the role that Lavon Dean, Jr. had played compared to the role that his brother had played. He determined that based upon his criminal history and the nature of those convictions that he had. He articulated numerous reasons as to giving that. But the basic reason, I think it's fair to say, is he thought the mandatories were long enough. If he could have gone to the one. Let me assume that, then. And it seems to me as if I hadn't thought that through until this moment, and I still haven't, the relation of 3553B. It may be you haven't thought it through either. Maybe nobody has. But I mean, and maybe there isn't one. But I wanted to learn as much as I could if there is a relevance of that. Well, and I look at the factors that are set forth under 3553A, of which the guidelines are one of those factors, same as policy statements are one of those factors. And they go, I submit to the overall sentence, that the Court imposes. And when a judge in this case, it's not a guideline sentence that he's deciding. He's varying based upon the 3553A factors, those tapestry of factors that the thread of parsimony runs through in which he makes those determinations. Let's look at what those four main tenets of parsimony are. For example, the term. No, no, I know 3553A. That isn't a problem for me. What I'm trying to think of is maybe this is a matter that lies in the hands of the commission. Maybe you could say, well, the commission didn't say you couldn't depart for that reason. And therefore, it is a factor, a mitigating factor, not considered by the commission. But maybe the commission, should it choose to do so, could consider it and could say when it could and when it couldn't be, in which case the judge couldn't depart downward. That's what's going through my mind, and there's no point in repeating myself. You might have thought about it. You might not have. It's a little bit of a side issue. Well, I'd like to think I've thought about it from the context of looking at the guidelines as a starting point and as a determination that helps to guide a court to consider sentencing, but it's just a factor for the court to consider. And the overall factors that are set forth in 3553A, as well as 3661, as well as 3551, leads us to consider all of those factors in determining what total sentence should be imposed in this case. The Court varied in this instance based upon what he found the guidelines to be, but then those additional things that he considered, those factors that he looked at, to make the determination as to what would be the appropriate sentence to impose on the Petitioner in this case. And any total sentence is obviously subject to appellate review for substantive reasonableness under abuse of discretion standpoint. So the government, if in this instance felt that the court that then imposed a sentence of one day with the additional 30 years, the mandatory minimums required, and the reasonable sentence, that's still subject to review by the appellate courts. Roberts. How does that normally work, not in a mandatory minimum way, but if you've got three different offenses and you're going to be sentenced on each of them? On appellate review, how is that reviewed? Is it the total sentence, or do they go by one, two, and three and say, we think you abused your discretion in only giving, you know, five months for this, and then that doesn't affect the three years you gave for that? How does that actually happen? I — my understanding is that the appellate review is based upon the reasonableness of the total sentence that's imposed. Now, if there is a portion of that sentence that the court felt that wasn't dealt with properly by the sentencing court, then they would address that either for a clear error in what was looked at and how the guidelines were applied, or de novo as to the application of the guidelines themselves. So there are those considerations to be made from an appellate review standpoint, but the overriding consideration, I would submit, would be the substantive reasonableness for abuse of discretion. Kennedy. In first looking at this case, my thought was that it would be very difficult for the judge to determine what the sentence should be for the underlying crime without looking at what he or she was required to do under 924. But then it occurred to me that judges and lawyers do this all the time. We think of a hypothetical case. Suppose 924 did not exist. What sentence would I give? Judges do this all the time. In condemnation cases, we don't look at the value of the improvement. We can look at a problem in an abstract way. So I see nothing that prevents the judge from making quite a proper determination for the underlying offense and then saying, but looking at the statute, it has to be consecutive, and the consecutive sentence has been the length of the consecutive sentence has been set forth. So I see nothing analytically difficult about the government's position. Fisherman. I submit, Your Honor, that that turns around the determination to be made. The independence, the separate crime, the separate punishment goes to 924C. It has to happen. I mean, it has to be put on to that. But the consideration overall as to the underlying crimes of violence still lends itself to discretion by the sentencing court. Kennedy. Well, that's the question before. Well, and I believe the court in Smith, United States v. Smith, the Tenth Circuit case that we're relying upon, talks about that. You can't have judges having blinders to look at just the underlying crimes of violence and then doing so, as the government is suggesting in this case. Well, you've gotten under 1028A. But 1028A has the additional requirement. Well, but you said you can't have this, but you can if we interpret the statute the way the government wants. My argument is that the Congress could have written the statute to include what they include in 1028A. They didn't do so in this instance. Sotomayor, in terms of that analytical difficulty, there is inherent in this scheme a bit of double – a lot of double counting, because the substantive crimes almost always, in trying to judge the severity of punishment for that, you're always thinking of the gun. And that always adds to whatever analytically separate punishment you think should be given for the substantive crime. So there is a little bit of twisting of a judge by saying you have to somehow put yourself in the position of punishing this person without knowing that he's going to be punished for the gun anyway for 30 years, and think of what the punishment should be without that punishment, because the gun is present in both crimes, correct? Yes. The identity theft add-ons, one is for every crime except terrorism is only two years, correct? Correct. The aggravated identity theft. And in many ways it's punishing for a separate activity than merely the possession of identity theft. And that's what the statute says, that it's punishing for aggravated items. Well, there are listed within the statute are the specified crimes that it would apply to, yes, Your Honor. Exactly. So the 5 years is for the terrorism. In those instances, yes. I would agree with that, Your Honor. If there are no further questions, I would ask to leave to have the rest of my time for rebuttal. Thank you, counsel. Thank you, Your Honor. Mr. Yang. Mr. Chief Justice, and may it please the Court. Petitioner asked the district court for a one-day sentence on his four non-Section 924C felonies. That Petitioner now concedes would be unreasonable without the 924C. Accepting his position would directly circumvent 924C's longstanding requirement that the courts would impose a specified additional and consecutive sentence beyond the punishment for the predicate solely for the choice to bring a gun. It would circumvent it. On the other hand, it seems to me that if you're talking about 30 years for an offense that a judge thinks merits a lot less, if Congress wanted to prevent circumvention, they should have written the law a lot more carefully. Well, I think it's true that Congress could have written it more clearly, but we think that Congress here, when you take a look at both the provisions of 924C and then read them in conjunction with the provisions of the Sentencing Reform Act, makes sufficiently clear Congress's intent that there be an additional sentence. Well, I'm not sure sufficiently clear is enough. I think maybe indisputably clear. I mean, in your brief, you quote, to be fair, that this is contrary to the thrust of 924C. And I'm not sure when you're talking about this amount of punishment, a thrust is enough. Congress doesn't pass thrusts. They pass language, and there's nothing in the language that prevents the judge from imposing a sentence recognizing that the defendant faces 30 years already. I agree that thrusts are not a thing. We were quoting the Court's decision in Abbott, but the Court's decision in Abbott also says that the language compels the imposition of an additional, and I believe this is on 25, of the opinion. This is a unanimous opinion of the Court. And I think the Court recognized that when you look at 924C, particularly when you look at the drafting history from 1971 onward, where Congress was taking step after step after step to restrict the sentencing destruction. Breyer, I didn't say it. I didn't say it anywhere. This is not taken into account by the commission, unless you can tell me there's a guideline on this particular application of the mandatory minimum, and the statute and the guidelines both say a judge can depart for a reason not taken adequately into consideration by the commission. So unless you can point to me someplace where they take this into consideration, although they might in the future, I would say they didn't take it into consideration at all, and therefore, the language allows it, the language allows it, and indeed, the theory allows it, because the theory is you could have a person there who's convicted of 19 multiple counts, you know, and the judge is given considerable power to work all this out so that you have overall a fair sentence. Now, that's the whole argument. So what's your response? Well, I guess to the whole argument, we have a few responses. I know you do. But I think, first of all, on the guidelines point, the guidelines have taken this into account since the very beginning when you were on the Sentencing Commission. Where? Where did we take this? Where? Well, the guidelines specifically address in section 2K2.4, comment note 4, they talk about how do you calculate, and as well as in Chapter 5, about determining a total sentence based on aggregate sentences, multiple terms of imprisonment. The guidelines said that what you do with the predicate is you determine the predicate under the guidelines, but you don't include the specific offense characteristic of the guideline. Roberts I'm going to let you get back to a fuller answer to Justice Breyer, but that certainly cuts against you, the idea that they recognize that, yes, you do have to look to the mandatory minimums. You should take that into account in imposing the sentence. And now you say when it gets down to what the actual sentence is, you can't look at the mandatory minimums at all. I don't think it cuts against us. We're going to have multiple discussions about these various factors. First, I don't think the guidelines shed a lot of light on the statutory question here. If you were to disagree with our understanding of the guidelines, that would not mean that the statute is wrong. It means that the guidelines would have to give way. We are defending the commentary in the guidelines, which again have existed since the very beginning. Breyer I missed it. Where is the place on 2.4? Roberts 2K2.4, comment note 4. And then subsequently, this is also cited in our brief back in the pages around the 40s when we discussed the guidelines. But about the guidelines and the statute, the guidelines would have to give way. And we are defending the commentary because we think not only have this commentary been around since 1987 when the guidelines were first sent to Congress and have since been there, we think that there's a sensible distinction between the conduct that the Court considers when determining the sentencing of the predicate, and knowing that the conduct is accounted for separately in the 924C, and considering the total aggregate sentence. That is something different. Congress specified where courts look to the total aggregate sentence in Section 3584. In Section 3584, Congress said when there are multiple terms of imprisonment, the Court shall, with respect to each offense, consider the 3554 or 3553A factors when deciding whether to make the total sentence by making them concurrent or consecutive. But we know that Section 924C wholly removed that power. And in doing so, it removed the power of the Court to tailor the total aggregate sentence, which is a power that was set to the Court. Ginsburg. But the government must recognize that 924C can influence the sentence on the predicate offense, because I think I'm correct in saying the government takes the position that if 924C drops out, if it's not proved, then when it goes back to the district court, the district court can enlarge the original sentence for the predicate offense. And because we think, and this is what happens in courts, courts are applying the guidelines, which the guideline says, when you're calculating the sentence for the predicate, you ignore the offense conduct with respect to the gun because they don't want to double count it. But if you drop the 924C, it should go back for the court to consider the offense conduct as it considers the sentence for the predicate.  conduct as it considers the sentence for the predicate. Breyer. Breyer. I mean, my quick reading of 4, and I promise I didn't memorize the guidelines, I used to know them pretty well, but I don't know them perfectly by any means and never did. But it seems to me that comment 4 in 2K2.4 is saying that defendant, you have committed a crime, and in our guideline as punishment for the crime, part of it is increased because you had a gun. And so if we're going to apply the mandatory over here, which is our special statute here, don't apply that. But I don't see anything there that says you can't subtract. Well, when you go to 5G1.2, which governs the total sentence, the – when you have multiple offenses with terms of imprisonment, it says you calculate the total sentence with respect to the 924Cs, and then you tack on 5G1.2, I believe. This is addressed in pages, I think around page 42 of our brief, 43, no, 42. So the point is, this is the way that the guidelines have been applied, and they were applied, in fact, in this way, in this case. The district court calculated the sentencing guidelines range, which is 84 to 105 months, based on the guidelines. And when it's disputing, that's what the guidelines require. In fact, they conceded that that was the proper guideline sentence in district court. And then the district court then varied downward, and I think the provision that you're talking about, about 3553B, part of that was, of course, rendered inoperative under Booker. And then what the court did here is a post-Booker thing, vary. It's not a technical departure. It's a variance, because he's applying 3553. No, he varied here. He varied. He varied down to 40 months. And then he additionally said, if I had discretion, I'd go down to one day, because I think 30 years is enough. But that is essentially just a disagreement with the policy judgment. No, that's harder for you. That's harder for you, because after all, if it's a variance, he's not applying the guidelines. If he's not applying the guidelines, all this stuff in the guidelines that supports you is out the window. And including the sentence I read. And if it's out the window, all we're trying to do is back where we started. Is the statute, does the statute, which doesn't mention this, forbid it, or is it otherwise unfair? I guess, first of all, we're not relying on the — My fault, not your fault. We're not relying on the guidelines as an affirmative. We just wanted to point out in our brief, we think the guidelines are consistent. But what are you suggesting ought to happen? I mean, presumably, the guidelines reflect an idea that there shouldn't be any double counting of the gun, right? So what is the — how does the Court do the under — the sentence on the underlying crime, taking away the fact of the gun? In other words, most robberies have guns in them, and the sentences are written to reflect that they have guns in them, don't they? Aren't they? No. Actually, the guidelines take into account things like Hobbs Act robbery and separately account for the gun with a two-level enhancement. And so the guidelines range, when you commit a Hobbs Act robbery without a gun, will just be the standard Hobbs Act robbery range. Now there are going to be other offense characteristics if you injure someone or, you know, these things can affect the crime. But what you think ought to happen is that the judge should say, okay, imagine a robbery without a gun. What would be a reasonable sentence for that? I think the judge should do — take into account what judges normally do under a real offense sentencing approach, which is you look at the offense conduct, you look at the history and characteristics of the defender. Well, offense conduct, does that mean without a gun? But without the gun, we say — we think the judge has discretion, ultimately, to either consider it with a gun or not, because Congress hasn't expressly prohibited that. But the guidelines approach, which we think is permissible, is to consider it — you consider it without the gun, and then you — the reason for that is the guidelines say Congress has separately provided — remember, the legislative history, I think there are — Senator Mansfield that kind of was the main proponent of the relevant text, the very stringent sentencing provisions, made clear that the whole purpose of this was to impose this additional sentence and require additional time in prison solely for the choice to use the gun. So the guidelines — Well, that's an excerpt from the legislative history that it seems to me unimportant in light of what the 3553 says. 3553A says, as you know well, that the judge at the end of the day has to consider the need for the sentence imposed to reflect the seriousness of the offense and so forth. But the 3553 — It seems to me you're asking us to say that 924C really supersedes 3553. No. What we say is 3553 doesn't apply on its own terms. It doesn't apply on its own terms. If you look through the Sentencing Reform Act, there are at least nine provisions, all of which, when you're looking at a fine or imprisonment or probation or whatever it might be, the provision says the court shall, in setting this sentence, consider the 3553A factors. In addition, with respect to multiple terms of imprisonment, and this is on the page, I believe it's 5A of our — excuse me, 11A of our appendix, if you look at 3584B, it says the court, in determining whether terms imposed to be — are to be ordered concurrently or consecutively, shall consider for each offense — remember, this is multiple offenses — each offense for which a term of imprisonment is being imposed, the factors set forth in 3553A. So normally, what happens is the courts will determine individual sentences. So you could have a sentence of 7 years and a sentence of another 7 years, and then maybe one's capped at 5, and then the court says, I've got these individual sentences, I sentence for each offense, what's the total sentence? You could make that 5 and 7 and 7, you could make it 19, or you could just make it 7. It depends on whether you make them consecutive or concurrent. So the question about the total imprisonment, when you have multiple terms of — of — with multiple offenses with terms of imprisonment, 3554B affects that, and it says that's where you apply the 3553A factors to determine the total length. But Congress took that power away. Congress took that power away totally in 924C. By directing that you cannot do that, you must impose them consecutively.  Kagan. Well, that's why I don't understand your answer to Justice Kennedy, because you said, no, you're not saying that 924 supersedes 3553. I think you have to be saying that. You might still be right, but you have to be saying that there's this background principle, which is 3553, which is this parsimony principle and all these factors, and then 924 comes along and says, but not here. I guess in a sense we are saying that, but I don't think it's — it operates directly on 3553A, because I don't think 3553A operates as a freestoning — freestanding provision. It comes into play at various points in the Sentencing Reform Act where the court — the Congress has said, you consider these factors in making this determination. In setting — deciding whether to set the amount of a fine, you look at the 35 — But one way you might look at this, and this goes back to what the Chief Justice said, he said, well, when there's a 30-year sentence implicated, you better be pretty clear. And also, when you are legislating against a fairly strong background principle of 3553, you better be pretty clear that you're displacing that background principle. And here, you're just not — you just have not been clear enough. You were clear enough in 1028A. We know what that looks like. But here, you just haven't been clear enough to upset this background presumption. We think that it's clear enough because 3553A applies by — when you — for purposes of setting the total term of imprisonment, the only reason 3553A applies is because Congress provided that they are to be considered in 3584B in setting the consecutive or concurrent sentence. And so that has been removed. That has been removed. If it were true that 3553A just generally was a free-floating provision that applied everywhere, then all the nine provisions of the Sentencing Reform Act that specifically say you must consider the 35353 factors with respect to these specific types of sentences would be superfluous. Alito If this case had arisen before the Sentencing Reform Act was adopted, I think that Dean's argument would certainly be correct, would it not? I think we would have a more difficult — The judge would have complied with the statute. The term wasn't consecutive. And other than that, it was discretionary. So it was completely within the judge's discretion. I think what we would have to argue in that case is that the Congress would have known that the traditional place that judges determine the aggregate length of a sentence when there are multiple offenses carrying terms of imprisonment is in the determination that whether the sentences run concurrently or consecutively. Alito At a minimum, you would have had a very tough argument. On the other hand, if this case had arisen before we decided Booker, if you read the guidelines correctly, and it does seem to be — they do seem to say what you say they say, then you would clearly be correct.  We're in this weird world that this Court has created where the guidelines are advisory, but then they're not advisory. And so that's why we have this problem. Is that correct? You don't want to say that, because nobody but me will agree with you. We obviously accept Booker as the proper interpretation of the law, of the Constitution. But I think what I would say is that the guidelines — there might be a slightly different analysis, and I think the guidelines would then provide yet an additional reason to be correct.  Mr. Yang, I mean, the lack of beauty of the guidelines is they're so artificial on so many levels, all right? What differentiates a normal theft from a robbery is the use of force. And the guidelines in defining the guidelines range for a theft starts at a much, much lower base level. It starts at a 7, okay? For a robbery, it starts at a base level of 20. Once you start with that huge difference between the use of force and the non-use of force, obviously the robbery guideline is always going to include the use of force. The fact that it might be with a gun as opposed to a knife, as opposed to a threat of violence or whatever else you want to define it, the use of force is inherent already in the guideline calculation, because otherwise that — there's no reason they could have just had one table and said, if you rob someone, if it was a pure calculation as you suggested without thinking about the gun, it would have been $20,000 is taken, we're all going to start at a offense level of five years and build up from there. That's not what the guidelines do. So when you're taking discretion away from a judge, I think that's one of the reasons we often require specificity, because the guidelines are artificial in so many different ways. And there are gyrations that we go through as judges to comply with dictates that are not often very clear. Well, I think — I'm not here to criticize the guidelines. I think the guidelines have worked for quite some time and have brought some rationality to sentencing that didn't previously existed, which was an important thing. The guidelines post-Booker, of course, are advisory. But I — that's what I'm trying — I'm not — criticizing, not criticizing. I'm trying to figure out what's the right system, putting this case aside. Well, the right — Now, if we had the guidelines there — try this. If the guidelines were here, it wouldn't be such a problem, because they would have — the commission could look into this, and it could take the factor into account, and then we'd have 3553B, and we'd follow that in the future, unless it was irrational. But they're out the window. Okay. They're out the window because it was a variance. So now we're left with 924C, you know, the statute. And we're also left with the provision that says a court of appeals has to look at a departure or a variance and see if it's reasonable. Is that the right word, reasonable or rational, or something? What's the word? Well, I think that you have to look to the reasonableness of the sentence. Yeah, but over the — what is — there's a word in the appellate part when they're doing the review. Is it reasonable or un — you know. But I'll look at that. I think it is reasonable. Yeah, I think it is, too. Okay. So now — Reasonable is always a good word. Correct. Correct. Correct. So that's the — that's the question, in this case, beyond the case, is really how do we do that? And so — so what I would try out is it'll be obvious if you're right and the statute's clear, okay, the — the 924C, then you win. That's the end of it. That's what you think. I don't think it's clear. If it's not clear, what do we do? Well, I think you have to — And now — now, what about looking, looking to see what the commission said about it, noting that this is an individual case, not general, not general, where the district court has more power, or other things? Now, you tell me. Those are floating around in my mind. I'd like to know what's floating around in your mind. I don't believe the commission gets any deference with respect to construing Federal statutes. Well, it might. With respect to the guidelines, yes. But with respect to construing Federal statutes, I don't think so. And so what we're back to is 924C and its interaction to the various provisions of the Sentencing Reform Act. The key provisions, they rely on 3553A. And they say, look, you have to consider all these factors. But 3553A applies in very specific places of the Sentencing Reform Act, including when there are multiple terms of imprisonment and a court has to decide what the total imprisonment is going to be. That's 3584, and that's been taken away because Congress took away the power to have concurrent sentences. Roberts. If you think the case is resolved at a higher level, it seems to me that your friend has a very good technical argument that says these sentences have to run concurrently. One day, they run concurrently, end of case. And your argument is, you know, you look at the drafting history, the commentary to 2K2.4, all the other arguments you've got, and you make the basic one is, well, that's technically correct, but it's obviously not what Congress had in mind. Congress obviously had in mind adding the mandatory onto a normal sentence one way or another under the guidelines and all the provisions we've been talking about. So if you view the case that way, technically correct, you know, contrary to the obvious policy, what case can you give me that tells us how to approach a conflict like that? What's your best case where you have a very significant sanction in the balance and you have technical compliance on the one hand, but clearly contrary to the purpose? We don't think that the — that they're technically correct. No, no, I understand. We think that there is a plausible argument that they make on the text. But we think that the proper approach is you always have to approach statutes holistically. You look at the statutory text, you look at the structure, the context, and legislation. Well, but then there are also the basic rules that — I mean, you insist when citizens deal with the government that they turn square corners, and I think it's right for a criminal defendant when they're facing 30 additional years to insist that the government turns square corners.  But the Court has repeatedly emphasized, I think Abramski, one of Justice Kagan's recent opinions, explains this, that lenity applies only if there's a grievous ambiguity that you might, at the end of the day, you have to guess. Kagan. I don't think you have to go to a principle of lenity for Mr. Stoler to be right. I mean, you were just saying, this is very much along the lines of what the Chief Justice was saying, you would just say something like, look, if we're going to be strictly contextualist here, this does not have the kind of requirement you wish it had, which is to say it doesn't have the language that's in 1028A. Your essential argument is that, read Mr. Stoler's way, this would utterly eviscerate C1D2, the consecutive requirement, and I'm quite sympathetic to that. But there's still this question of, when a statute doesn't say what you would like it to say, and you're reduced to saying, if you read it the other guy's way, it would eviscerate what we meant when we passed another provision, you know, what should we do, and where do you point us? I would say that it's true that it eviscerates the purpose and the whole structure of the statute, but the statute says a lot by removing authority. So the question is, what authority was removed? I think it's helpful to look at page 11A of the government's appendix. It's 3584. 3584B governs the discretionary decision of a judge when there are multiple terms of imprisonment. How do you decide the total length? The total length is set by making them concurrent or consecutive. And 3554B or 3584B, sorry, specifically says that in deciding the total length by the judge, making it consecutive or concurrent, you apply the factors set forth in 3553A. That's what they rely on. But 924C removes that authority. 924C removes the authority to be able to set the total length of imprisonment when there are multiple terms of imprisonment. So you're saying that in this case, the judge said, I can't look at 3553A? No, he does. The judge – there are various other places, but for the total – Other than for the initial downward departure. But for the total, you can look at 3553A in setting the individual terms, but Congress separately addressed how you make those terms, how you add them, make them – the total, it depends on the aggregate, right? Would you add them or run them concurrently or with each other? So that is what 3554B or 3584B addresses. And that's where the 3553A factors are applied, but Congress took that authority away. That's what I think speaks volumes. And when you look at the structure of the Sentencing Reform Act, the Sentencing Reform Act kind of has a modified real offense sentencing approach. You take a look at the offender, the characteristics of the offender, the history. Not only the offense conduct, you look beyond this particular offense conduct, you look broadly. Like, what's all the relevant conduct, acquitted conduct? Kennedy, you're asking the judge to say, in calculating the sentence for the underlying offense, I'm going to look at all of these factors. Frankly, it's meaningless because what I'm going to do in a 924C, but I'll do something meaningless. Yang, no, no, no, not at all. If, for instance, the judge would say, as in this case, an appropriate sentence is 40 months, right? The judge says an appropriate sentence for this, each of these four has a 40-month term. In a normal world, if there was also a 5-year sentence, the judge would then go to 3584B and say, I'm going to consider the 3553 factors to decide if I'm going to add that 40 to the 5 years or I'm going to just run them concurrently so it's 5 years total. That's what normally happens. Section 924C says you can't do that. You have to add it. It is, in addition to the punishment, the punishment for the predicate offense. And so we think that simply underscores what has always been the thrust, the understanding of 924C. It is a harsh provision, there is no doubt. But Congress intended that to be harsh because of the extreme danger presented when you add a gun to either a crime of violence or a drug trafficking offense. And Congress made that determination that it's going to be at least 5 additional years for the gun, and if there's a second or subsequent, 25 years. Disagreement with that length of an imprisonment simply circumvents what Congress was doing in 924C. Breyer. Breyer. If you're in the realm of what's reasonable. The judge is looking at, well, you are under the appellate provision because he has varied from the guidelines. Of course, you have to give the mandatory minimum. There it is, the gun, 25 years. And now the judge thinks, you know, this is way beyond what this guy did. It's fine for the gun, but his total conduct here was doesn't warrant such a long sentence. So on the other part, it's a reasonable thing given this individual who may suffer certain individual things, da, da, da. Reasonable thing to give him one day. Congress made the determination. You don't do a reasonable thing. Breyer. If I think that, then you win. That's the end of it. And that's why, you know, when you have a predicate offense that Congress had added this additional mandatory on, you don't look to the length of the total, because maybe 30 years in the judge's view is not reasonable. But Congress required that. That is a separate ‑‑ that is for Congress to decide what the minimum is going to be for the 924C. What would be reasonable is when you take a look at the predicate offense and you say, would this be a reasonable one day for four felonies, would that be reasonable? And the answer to that is, of course not, as my brother conceded in his argument. So, again, I think the whole ‑‑ the idea that a judge would go down to one day because of a disagreement with the length of the mandatory minimum simply circumvents the statute inconsistently in 924C's text. Thank you. Roberts. Thank you, counsel. Five minutes, Mr. Stoler. Stoler. There's no affirmative ban in district courts considering 924C sentencing when considering the predicate offenses. And, again, the overarching theme of discretion and parsimony pervades. The counsel for the government seems to indicate that we look at 3584B, we agree that it limits that there has to be that 30-year consecutive sentence, but it just guides the court's discretion with respect to the 3553A factors. It doesn't say that they only apply to each count, not the aggregate sentence. And you look at 3584 and you read the third provision, it talks about the aggregate sentence in itself. So the reliance by the government on 3584 is ‑‑ we say is misplaced and does not affect whether or not the total sentencing scheme, with the parsimony requirements put on, ends the result of the court determining what sentence is sufficient but not greater than necessary. We don't quarrel that 30 years must be imposed under the mandatory minimums. What we do quarrel with is whether or not the court should be able to take that ‑‑ those factors into consideration as well as all those other factors that are set forth in 3553A, 3551, 3661, which gives us the determination to be made as to what should be the appropriate sentence in this case. If there's no other questions. Breyer. I'll ask you, what he's thinking of is at a deep level of what Thomas Reed Powell said about the law. He wants us to think of this second part, you know, as related, but really, no, look at the second part, keep it totally separate, and the statute means that the part about robbery has to be done separately. Reed Powell said if you can think of a thing that is inextricably related to another thing without thinking of the thing to which it is inextricably related, you then have the legal mind. That's what he wants us to do. He says that's what the statute requires. And we submit that the statute shouldn't be read that way in this instance, Your Honor. Do you think it matters that it's a 30‑year mandatory minimum? What if it was a 1‑year mandatory minimum? Would the result be different? It may. I mean, that's the Court's. It would? Really? Well, it may be different from the standpoint ‑‑ I mean, no, the 1 year has to be imposed. A year and a day would be okay. If under the total test of reasonableness and applying the factors that the Court is supposed to apply, makes that decision that he thinks that he or she thinks that's the appropriate sentence, that may be right, but it's going to be subject to the test of substantive reasonableness on appeal. And the ‑‑ here in the instance, it's a different scenario because it's 30 years, Your Honor, and that's what we're saying. Thank you, counsel. The case is submitted.